**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| AUGUSTUS GAINES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-04711-TWP-MPB |
| | ) |
| WARDEN, Marion County Jail, | ) |
| | ) |
| Defendant. | ) |

**Entry Dismissing Complaint and Directing Further Proceedings**

**I. Screening Standard**

The plaintiff is a prisoner currently incarcerated at Westville Correctional Facility ("Westville"). Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

Plaintiff Augustus Gaines is a state prisoner who filed this civil action alleging that his civil rights were violated while he was a pretrial detainee held at the Marion County Jail. The plaintiff raises two separate claims for which he seeks money damages.

First, Mr. Gaines alleges that he has a bone disorder (ostrel chondritis dissecans) which causes pain when he stands or attempts to stand. He informed the nurse of his condition when he arrived at the Marion County Jail on December 7, 2016. Later that same day, Mr. Gaines was told by an unidentified person that he could not stay in the medical unit and would have to go up the stairs to his cell. When Mr. Gaines walked up the stairs very slowly and with help from other inmates he heard something pop in his back. Twenty minutes later Mr. Gaines attempted to descend the stairs to get his medications. Half way down the stairs his legs gave out and his back popped again at which time he fell down the stairs. The medical department was called and Mr. Gaines was taken to the hospital. X-rays were taken and while no bones were broken, Mr. Gaines never walked again and has been confined in a wheelchair ever since. Mr. Gaines has sued the Warden of the Marion County Jail for not placing him on the bottom tier or base floor of the jail.

Second, Mr. Gaines has sued "the medical staff" at the Marion County Jail for making false accusations and placing him "into a suicide tank for 4 days" in violation of his federally secured rights.

As a preliminary matter, the complaint is deficient because Mr. Gaines cannot use a single complaint to bring unrelated claims against different defendants. "Unrelated claims against

different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607. Accordingly, the claim against the Warden based on the second floor bunk placement and the claim against the medical staff for placing Mr. Gaines on suicide watch for four days should not be brought in the same lawsuit. The complaint is rejected on this basis.

In addition, the complaint fails to state a claim upon which relief could be granted. The claims in the complaint are necessarily brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). "A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation." *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014); *see Minix v. Canarecci*, 597 F.3d 824, 833 (7th Cir. 2010) ("[I]ndividual liability under § 1983 requires 'personal involvement in the alleged constitutional deprivation.'") (citation and quotation marks omitted). *See also Burks v. Raemisch,* 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise. . . . *Monell's* rule [is that] that public employees are responsible for their own misdeeds but not for anyone else's.")(*citing Monell v. New York City Dep't of Social Services,* 436 U.S. 658 (1978)).

The complaint fails to state a claim upon which relief could be granted because the complaint has not named any "person" who is allegedly responsible for violating Mr. Gaines'

federally protected rights. The claims against the "medical defendants" are dismissed because a group of people is not a "person" subject to suit pursuant to Section 1983. Similarly, the Warden must be dismissed because a defendant can only be liable for the actions or omissions in which he personally participated. *Sanville v. McCaughtry*, 266 F.3d 724, 734 (7th Cir. 2001). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1948 (2009). There is no allegation which suggests that the Warden was aware of Mr. Gaines's condition and ordered that he be placed on the second floor.

### III.  Dismissal of Action

The plaintiff's complaint must be dismissed for each of the reasons set forth above.  The plaintiff shall have **through February 8, 2018,** in which to show cause why Judgment consistent with this Entry should not issue.  *See Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1022 (7th Cir. 2013) ("Without at least an opportunity to amend or to respond to an order to show cause, an IFP applicant's case could be tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

**IT IS SO ORDERED.**

Date:  1/10/2018

*Tanya Walton Pratt*

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUGUSTIS GAINES
104530
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant - Court only