UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

AUGUSTUS GAINES,[1]         )
                            )
            Plaintiff,      )
                            )
        v.                  )   No. 1:17-cv-04711-TWP-MPB
                            )
WARDEN, Marion County Jail, )
                            )
            Defendant.      )

**Entry Directing Severance of Claims**

Plaintiff Augustus Gaines is a state prisoner who filed this civil action alleging that his civil rights were violated while he was a pretrial detainee held at the Marion County Jail in December 2016. The plaintiff raises a variety of claims for which he seeks money damages. He does not know the names of the defendants. He lists Warden Mary Doe, Nurse Mary Doe, and two Deputy John Does in the caption of his amended complaint.

In screening the original complaint Mr. Gaines was specifically instructed that the complaint was deficient because Mr. Gaines cannot use a single complaint to bring unrelated claims against different defendants. "Unrelated claims against different defendants belong in different suits" so as to prevent prisoners from dodging the fee payment or three strikes provisions in the Prison Litigation Reform Act. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

---

[1] The **clerk is directed** to update the docket to reflect the plaintiff's name is Augustus Gaines (not Augustis).

Consequently, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George*, 507 F.3d at 607.

The Amended Complaint did not correct the misjoinder of claims. For example, the claim against the Unknown Nurse and Warden based on their decision to place Mr. Gaines on the second floor and the claim against the unknown deputies for excessive force should not be brought in the same lawsuit. This deficiency must be corrected before this action can proceed.

Accordingly, claims against the Warden and intake Nurse at the Marion County Jail shall proceed to the screening required by 28 U.S.C. § 1915A in this action. The other claims asserted in the complaint are misjoined. In such a situation, "[t]he court may . . . sever any claim against a party." FED. R. CIV. P. 21. The Court of Appeals has instructed that generally, if a district court finds that a plaintiff has misjoined parties, the Court should sever those parties or claims, allowing those grievances to continue in spin-off actions, rather than dismiss them. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000).

Instead of *sua sponte* severing the remaining claims against the unknown deputies into a new civil action, the plaintiff shall have the opportunity to determine whether this misjoined claim shall be severed into a new action or dismissed without prejudice. *Myles v. United States,* 416 F.3d 551, 552 (7th Cir. 2005) (noting that the composition and content of the complaint are entirely the responsibility of the plaintiff, for "even *pro se* litigants are masters of their own complaints and may choose who to sue-or not to sue"). If a new action is opened, the plaintiff will be responsible for a filing fee for each new case and the screening requirement of 28 U.S.C. § 1915A(b) will be triggered for each new case.

The plaintiff shall have **through May 8, 2018,** in which to **notify the Court** whether he wishes the Court to sever the excessive force claim against the unknown deputies (or any other

claim(s) raised in the amended complaint, but not identified by the Court) into new actions, and if so, he shall identify which claims against which defendants. If the plaintiff fails to so notify the Court, the misjoined claims will be considered abandoned and will be dismissed without prejudice.

**IT IS SO ORDERED.**

Date: 4/5/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUGUSTUS GAINES
104530
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant - Court only