# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUGUSTUS GAINES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:17-cv-04711-TWP-MPB |
| | ) | |
| WARDEN, Marion County Jail, | ) | |
| | ) | |
| Defendant. | ) | |

## Entry Screening Amended Complaint and
## Directing Further Proceedings to Identify Defendants

### I. Screening Standard

Plaintiff Augustus Gaines is a state prisoner who filed this civil action alleging that his civil rights were violated while he was a pretrial detainee held at the Marion County Jail in December 2016. The plaintiff is a prisoner currently incarcerated at Westville Correctional Facility. Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Amended Complaint

Mr. Gaines alleges that he was a pretrial detainee held at the Marion County Jail in December 2016. This Court previously held that the claims against the unknown Warden and unknown Nurse would proceed in this action while the claims alleged against the unknown deputies would either be severed or dismissed without prejudice. Accordingly, the discussion of allegations in his Entry is limited to the defendant Warden and nurse.

Mr. Gaines alleges that he has a bone disorder (ostrel chondritis dissecans) which causes pain when he stands or attempts to stand. He informed the nurse of his condition when he arrived at the Marion County Jail on December 7, 2016. The nurse said that she would call the Warden and then said, "[Mr. Gaines] was a black cripple man trying to tell her what to do." Dkt 7 at 2. In response, Mr. Gaines threatened to write her up.

The Warden stated that Mr. Gaines should be placed wherever there was an open bed (as opposed to a lower unit that would better accommodate his condition) in an effort to discriminate against him for his disability, race and/or religion and because Mr. Gaines had previously filed grievances.

Later that day, Mr. Gaines was placed in an upper unit and he was required to go up the stairs to his cell. On both his way up and way down the stairs Mr. Gaines suffered injuries and was taken to the hospital. X-rays were taken and while no bones were broken, Mr. Gaines never walked again and has been confined in a wheelchair ever since. Mr. Gaines has sued the nurse and Warden of the Marion County Jail for not placing him on the bottom tier or base floor of the jail.

### III. Discussion of Claims

The following claims based on these allegations shall proceed:

1) Mr. Gaines' placement on an upper range subjected him to unconstitutional conditions of confinement under the Fourteenth Amendment. Mr. Gaines' placement on an upper range was motivated by discriminatory animus towards his disability, race and/or religion.

2) Mr. Gaines was placed on an upper range in retaliation for filing grievances in violation of the First Amendment.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed or will be severed as directed in this Court's prior Entry. If Mr. Gaines believes that additional claims were alleged in the complaint against the Warden and nurse, but not identified by the Court he shall have **through May 8, 2018,** in which to identify those claims.

### IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the Court informed of his current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

### V. Service of Process

The legal claims identified above may proceed in this action. However, before this action can move forward the unknown Warden and nurse must be identified. The first step in this process is to determine whether Mr. Gaines was previously incarcerated at the Marion County Jail I or Marion County Jail II. It appears that Marion County Jail II has a position titled "Warden" while

the Marion County Jail does not. The current Warden at the Marion County Jail II was named Warden in 2017 (after the events alleged in this case).

Mr. Gaines shall have **though May 8, 2018,** in which to provide any additional identifying information for the Warden and nurse. In particular, Mr. Gaines must state which Jail he was incarcerated at during the relevant time period. If this step is taken, the Court will attempt to serve Warden so that discovery may be conducted to identify the unknown nurse.

**IT IS SO ORDERED.**

Date: 4/5/2018

_____
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

AUGUSTUS GAINES
104530
WESTVILLE - CF
WESTVILLE CORRECTIONAL FACILITY
Electronic Service Participant – Court Only